IT IS ORDERED

Date Entered on Docket: March 9, 2018

_____
**The Honorable David T. Thuma**
**United States Bankruptcy Judge**



_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SCOTT A. KNEIFEL | § | CASE NO. 17-13253-t7 |
| and | § | |
| DARLINE L. KNEIFEL | § | CHAPTER 7 |
| | § | |
| *Debtor.* | § | |

**DEFAULT ORDER GRANTING
VANDERBILT MORTGAGE AND FINANCE, INC.'S
RELIEF FROM STAY AND ABANDONMENT OF
<u>REAL PROPERTY AND MOBILE HOME</u>**

This matter came before the Court on the Motion for Relief from Stay and to Abandon Property, filed on February 6, 2018, (Doc #11), (the "Motion") by Vanderbilt Mortgage and Finance, Inc., a secured creditor in the above-entitled and numbered case ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

(a) On February 6, 2018, Movant served the Motion and Notice of the Motion (the "Notice") on counsel of record for the Debtor and the case trustee (the "Trustee") by use of the

Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor and all parties on the matrix by United States First Class U.S. Mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b) The Motion relates to the following real property and improvements located at 650 Jicarilla Rd., Hagerman, Chaves County NM 88232, ("the Property") more particularly described as follows:

> **LOT FOUR (4) of McKEAN JICARILLA ACRES SUMMARY PLAT, County of Chaves and State of New Mexico, as shown on the Official Plat filed in Chaves County Clerk's Office on February 15, 2013 and recorded in Book 1 of Plat Records, Chaves County, New Mexico, at Page 74A.**
>
> **Together with the 2016 CMH Manufactured Home, Serial Number BEL004227TXAB attached thereto.**

(c) The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f);

(d) The Notice was sufficient in form and content;

(e) The objection deadline expired on March 2, 2018.

(f) As of March 5, 2018, neither the Debtor nor the Trustee, nor any other party in interest, filed an objection to the Motion;;

(g) The Motion is well taken and should be granted as provided herein; and

(h) By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies under penalty of perjury that on March 2, 2018, she searched the data banks of the Department of Defense Manpower Data Center ("DMDC"), and found that the DMDC does not possess any information indicating that the Debtor is currently on active military duty for the United States.

IT IS THEREFORE ORDERED:

1. The automatic stay pursuant to 11 U.S.C. Section 362 is hereby modified to allow Movant to enforce all of its contract, state law, and/or other rights against the Property

2. The automatic stay is modified to permit the Movant, to the extent permitted by applicable non-bankruptcy law, to foreclose and otherwise enforce all its rights with regard to the Property , including any rights to sell the Property by judicial or non-judicial means and apply the proceeds therefrom to the obligation owed to Movant by the Debtor, and doing whatever else may be necessary to preserve and conserve the Property. The automatic stay is further modified to the same extent in favor of all other persons claiming a lien on the Property.

3. The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554, and this no longer is property of the estate. Therefore, Movant need not name the Trustee as a defendant in any state court action it may pursue to with respect to the Property and need not notify the Trustee of any sale.

4. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, although the Debtor can be named as a defendant in litigation to obtain an in rem judgment or to foreclose and repossess the Property in accordance with applicable non-bankruptcy law.

5. This Order does not waive Movant's claim against the bankruptcy estate for any deficiency owed by the Debtor after disposition of the Property. Movant may file an amended proof of claim this bankruptcy case within thirty (30) days after a foreclosure sale of the Property, should it claim that Debtor owes any amount after the sale of the Property.

6. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

7. Movant may contact Debtor directly to confirm intent to retain or surrender the Property.

8. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

### END OF ORDER ###

Submitted by:

*/s/ Susan P. Crawford*
Susan P. Crawford

CRADDOCK DAVIS & KRAUSE LLP

210 Montezuma Ave. Ste..200
Santa Fe, NM 87501
(505) 820 3368
(214) 336 6430 (Direct)
(214) 750-3551 (Fax)

ATTORNEYS FOR MOVANT
VANDERBILT MORTGAGE & FINANCE, INC.

**Copies to:**

**Debtors**
Scott and Darline Kneifel
650 Jicarilla Rd.
Hagerman, NM 88232

**Debtor's Attorney**
E C Mike Gomez
PO Box 2931
Roswell, NM 88202-2931

**Trustee**:
Clarke C. Coll
PO Box 2288
Roswell, NM 88202-2288

**U. S. Trustee**
United States Trustee
PO Box 608
Albuquerque, NM 87103-0608